ODOM, J.
 

 The defendant was indicted for murder, convicted of manslaughter, and sentenced to serve two to four years at hard labor. He appealed from the verdict and sentence.
 

 The case is brought up on five bills of exception. Bills Nos. 2, 3, 4, and 5 all relate to the court’s refusal to permit the introduction of certain testimony offered by defendant. The' testimony attached to these bills shows that defendant and deceased,- together with their wives, went to a dance in defendant’s automobile, and that the two men were
 
 *97
 
 drunk either when they
 
 got
 
 there or became so soon thereafter; that they engaged in a fight while the dance was in progress and that defendant emerged with a badly ehewedup ear; that shortly after the fight, defendant left the dance in his automobile and stayed away for some time. Just where he went is not definitely known, but when he returned, he parked his car about 95 feet from where the dance was going on. His wife, who appears to have been in the house, on discovering that her husband had returned, went to the automobile and found him standing on the ground by the car with a pistol in his hand. She tried to take it from him, but was unsuccessful, defendant telling her that he would shoot her if she interfered with him, whereupon she called for help. The proprietor of the bouse, Mr. Elliot, walked out to where they were in response to the wife’s call for help, and on his arrival was told by defendant that if he did not get away he would shoot him. Others, it seems, gathered around where the disturbance was going on, among them being the deceased. A general scuffle or struggle ensued, in which several parties tried to take the pistol from defendant, during which struggle the pistol was discharged and deceased was fatally shot.
 

 Defendant was asked by his counsel: “In your scuffle with Mr. Elliot and your wife, I will ask you whether you was trying to free yourself to shoot him or whether you were trying to hold on to the gun?”
 

 He answered: “I was trying to hold on to the gun to keep him from getting it.”
 

 The defendant was then asked: “When the gun actually discharged, I will ask you whether you intentionally shot Mr. Evans (deceased) or whether the gun was discharged in the struggle?”
 

 He said: “I did not.”
 

 Now as to the errors complained of: Parish Thaxton was a witness for the state and on cross-examination was asked: “I ask you if you did not see the deceased there with the gun and the whiskey that night?”
 

 The state objected to the testimony on the ground of irrelevancy. The objection was sustained and bill No. 2 was reserved. Counsel in their brief say that the purpose of the testimony was to show who was probably the aggressor in the fatal encounter.
 

 Bills Nos. 3, 4, and 5 were reserved to the court’s refusal to permit defendant to introduce testimony of prior threats against defendant by deceased and to its ruling out certain testimony offered to establish an overt act on the part of deceased.
 

 We find it unnecessary to discuss these bills and the court’s ruling in detail for the reason that defendant did not plead self-defense, did not claim that he shot deceased because he thought or had reason to think that his life was in danger or that he was in danger of suffering great bodily harm at the hands of deceased. His defense, on the contrary, was that the shooting was accidental, that he did not intend to shoot, that he held the gun while his wife and others were trying to take it from him, and that it was discharged in the struggle. This is shown by the testimony quoted above and by the court’s per curiam to bill of exceptions No. 4, which reads in part as follows:
 

 “The only purpose defendant had in offering this testimony was to show a communicated threat made by deceased against defendant and for the purpose of showing who was the probable aggressor. The defense being, and in the words of the defendant himself, that the killing was accidental and not done in self defense, the testimony was inadmissible for any purpose.”
 

 
 *99
 
 The testimony was inadmissible for the purpose offered. The defendant having set up the plea that the fatal shot was fired accidentally, the question of intent, as to whether threats were made or as to who was probably the aggressor, passed out of the case. Under the plea entered by defendant none of the testimony was admissible for the purpose offered. The court’s ruling was correct.
 

 The judgment appealed from is affirmed.